# Exhibit E

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARDO MUNOZ, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SCHOOLADVISOR, LLC d/b/a DEGREESEARCH.ORG, a Delaware limited liability company,<br><br>Defendant. | Case No.: 1:20-CV-00440-NONE-EPG<br><br>**DIGITAL MEDIA SOLUTIONS, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION [FRCP 45]** |

## DIGITAL MEDIA SOLUTIONS, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Digital Media Solutions, LLC ("DMS"), hereby submits its responses and objections to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") propounded by Edwardo Munoz (the "Propounding Party"):

### PRELIMINARY STATEMENT

DMS responds to the Subpoena based on the investigation conducted in the time available since service of the Subpoena. These responses and objections are based on information now known to DMS and that DMS believes to be relevant to the subject matter covered by the Subpoena. In the future, DMS may acquire additional information or discover information currently in its possession bearing on the Subpoena and its responses. It is impossible to represent, even after a reasonable and diligent search, that all information falling within a description can be or has been assembled. DMS cannot warrant or represent that all information requested has been provided, only that DMS has disclosed that information which it could gather in response to the Propounding Party's Subpoena after a reasonable and diligent investigation.

- 1 -

DMS reserves the right to revise, correct, amend, supplement, or clarify these responses and objections based on any information, documents or evidence that may be subsequently discovered, or the relevance of which may be subsequently discovered. DMS incorporates this Preliminary Statement into each response as if fully set forth in such response.

Moreover, the following page contains DMS's Confidentiality Designation, which DMS respectfully asks itself be kept confidential until such time that DMS has more fully completed its investigation into the matters raised herein and/or any party or non-party reach an agreement with DMS to withdraw its designation of confidentiality as to a disputed document or piece of information.

- 2 -

**DIGITAL MEDIA SOLUTIONS, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

## CONFIDENTIALITY DESIGNATION

DMS deems each and every responsive document served concurrently with these responses and objections as CONFIDENTIAL pursuant to the Parties' January 4, 2021 stipulated protective order.

Specifically, the documents bates stamped DMS0001-DMS0003 are designated confidential at this time as they may appear to contain sensitive personal private demographic information and contact information of one or more private persons protected by the California Constitution. *See Valley Bank of Nevada v. Superior Court*, 15 Cal.3d 652, 656 (1975) (*citing* Cal. Const., Art. 1, § 1). The documents bates stamped DMS0001-DMS0003 contain information intended only for the use of the individual or entity named above, and may be privileged. The information may also be protected by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. The documents bates stamped DMS0004-DMS0013 contain a contract and attachment thereto between DMS and other entities who have not waived the express clause on the page DMS0008 that "Confidential Information shall also include the terms of this Agreement." Accordingly, not only are the documents bates stamped DMS0004-DMS0013 designated as confidential at this time, the information contained therein is also deemed confidential.

Moreover, DMS deems as confidential any portion of this "Confidentiality Designation" herein which either expressly or implicitly discloses confidential information contained within the confidential documents, DMS0001-DMS0013, separately as CONFIDENTIAL. DMS invites any party or nonparty challenging any portion of this Confidentiality Designation to meet and confer in good faith pursuant to paragraph 6.2 of the stipulated protective order to reconsider such designation.

- 3 -

**DIGITAL MEDIA SOLUTIONS, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

## GENERAL OBJECTIONS

The following general objections ("General Objections") apply fully to each and every response listed hereunder:

1.  DMS objects to the Subpoena as unduly burdensome to the extent that it seeks to impose burdens on DMS that are inconsistent with, or in addition to, DMS's discovery obligations pursuant to the Federal Rules of Civil Procedure. DMS will respond consistent with its discovery obligations pursuant to the Federal Rules of Civil Procedure.

2.  DMS objects to the Subpoena to the extent that it calls for "all" or "any" on the grounds such requests are overly broad, vague, all-inclusive, unduly burdensome, and not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

3.  DMS objects to the Subpoena to the extent that it seeks proprietary and/or personally identifiable information on the grounds that such requests are over broad and unduly burdensome.

4.  DMS objects to the Subpoena to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity, and will not produce such protected information. To the extent any documents are withheld on the basis of this objection, DMS will produce a privilege log forthright.

5.  DMS objects to the Subpoena to the extent that it seeks information that is not in the possession, custody or control of DMS on the grounds that such requests are unduly burdensome.

6.  DMS objects to the Subpoena to the extent that it is vague and ambiguous. Specifically, the requests seeking information or production of documents "sufficient to" satisfy the purposes stated therein are wholly subjective, unintelligible, and nonconforming to Federal Rule of Civil Procedure 34(b)(1) which requires that a request for documents "must describe with reasonable particularity each item or categories of items to be inspected[.]" Fed. R. Civ. P. 34(b)(1).

- 4 -

DIGITAL MEDIA SOLUTIONS, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

7. DMS objects to the Subpoena to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in the above captioned action.

8. Any information disclosed by DMS in response to the Subpoena is subject to all objections as to competence, relevance, materiality and admissibility, as well as to any other objections on any grounds that would require the exclusion of such information if it were offered into evidence, and DMS expressly reserves all such objections.

9. DMS incorporates these General Objections into each and every response as if fully set forth in each response.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS

**REQUEST FOR PRODUCTION NO. 1** All DOCUMENTS sufficient to IDENTIFY the manner by which YOU claim consent was obtained to place telemarketing text messages to PLAINTIFF on behalf of DEFENDANT, including all DOCUMENTS sufficient to IDENTIFY all CONSENT LANGUAGE or other disclosures used to obtain any consent.

**RESPONSE:** DMS objects to this Request to the extent that: (i) it is vague and ambiguous as it fails to define the term "sufficient to"; (ii) it is overbroad, unduly burdensome and harassing; (iii) seeks the production of documents already in Plaintiff's possession, custody or control; and (iv) seeks the production of documents in the possession, custody or control of third parties over which DMS has no control. Notwithstanding the foregoing, *see* DMS0001.

**REQUEST FOR PRODUCTION NO. 2** All DOCUMENTS sufficient to IDENTIFY all PERSONS who provided consent to be texted by or on behalf of DEFENDANT in the same manner that PLAINTIFF allegedly provided consent to be texted who were sent at least one text message on behalf of DEFENDANT.

**RESPONSE:** DMS objects to this Request to the extent that: (i) it is vague and ambiguous as it fails to define the terms "in the same manner" or "sufficient to"; (ii) it is overbroad, unduly burdensome and

- 5 -

harassing; and (iii) seeks the production of documents in the possession, custody or control of third parties over which DMS has no control. Notwithstanding the foregoing, DMS responds that it is not in possession, custody, or control of any responsive documents or information.

**REQUEST FOR PRODUCTION NO. 3** All DOCUMENTS sufficient to IDENTIFY YOUR complete relationship with CONCEPTUAL MEDIA, including DOCUMENTS sufficient to IDENTIFY all agreements, contracts and services rendered, together with all communications between YOU and CONCEPTUAL MEDIA.

**RESPONSE:** DMS objects to this Request to the extent that: (i) it is vague and ambiguous as it fails to define the term "sufficient to"; (ii) it is overbroad, unduly burdensome and harassing; (iii) seeks the production of documents already in Plaintiff's possession, custody or control; and (iv) seeks the production of documents in the possession, custody or control of third parties over which DMS has no control. Notwithstanding the foregoing, *see* DMS0001-DMS0012.

**REQUEST FOR PRODUCTION NO. 4** All LEAD INFORMATION that was provided to YOU from CONCEPTUAL MEDIA where the LEAD INFORMATION was obtained in the same manner as any LEAD INFORMATION regarding the Plaintiff was obtained.

**RESPONSE:** DMS objects to this Request to the extent that: (i) it is vague and ambiguous as it fails to define the term "obtained in the same manner"; (ii) it is overbroad, unduly burdensome and harassing; (iii) seeks the production of documents already in Plaintiff's possession, custody or control; and (iv) seeks the production of documents in the possession, custody or control of third parties over which DMS has no control. Notwithstanding the foregoing, DMS responds that it is not in possession, custody, or control of any responsive documents or information.

**REQUEST FOR PRODUCTION NO. 5** All DOCUMENTS sufficient to IDENTIFY YOUR complete relationship with DEFENDANT, including all contracts, agreements, and services rendered, together with all communications between YOU and DEFENDANT.

- 6 -

**RESPONSE:** DMS objects to this Request to the extent that: (i) it is vague and ambiguous as it fails to define the term "sufficient to"; (ii) it is overbroad, unduly burdensome and harassing; (iii) seeks the production of documents already in Plaintiff's possession, custody or control; and (iv) seeks production of documents protected from disclosure by the attorney-client, work product doctrine, common interest, joint defense or other applicable privilege. Subject to, and without waiving the foregoing, DMS responds that it will produce any non-privileged documents responsive to this request in its possession, custody, or control, if any are discovered as a result of DMS's continuing investigation.

**REQUEST FOR PRODUCTION NO. 6** All DOCUMENTS sufficient to IDENTIFY any and all telephone numbers utilized by YOU or SCHOOLADVISOR to place text messages to PLAINTIFF.

**RESPONSE:** DMS objects to this Request to the extent that: (i) it is vague and ambiguous as it fails to define the term "sufficient to"; (ii) it is overbroad, unduly burdensome and harassing; (iii) seeks the production of documents already in Plaintiff's possession, custody or control; and (iv) seeks the production of documents in the possession, custody or control of third parties over which DMS has no control. Notwithstanding the foregoing, *see* DMS0013.

**REQUEST FOR PRODUCTION NO. 7** All DOCUMENTS sufficient to IDENTIFY all PERSONS that were sent at least one text message on behalf of SCHOOLADVISOR during the RELEVANT TIME PERIOD using the SCHOOLADVISOR DIALING SYSTEM where the PERSONS provided consent to be called in the same manner that PLAINTIFF provided any consent to be called.

**RESPONSE:** DMS objects to this Request to the extent that: (i) it is vague and ambiguous as it fails to define the term "in the same manner" or "sufficient to"; (ii) it is overbroad, unduly burdensome and harassing; (iii) seeks the production of documents already in Plaintiff's possession, custody or control; and (iv) seeks the production of documents in the possession, custody or control of third parties over which DMS has no control. Subject to, and without waiving the foregoing, DMS responds that it will produce any non-privileged documents responsive to this request in its possession, custody, or control at an agreed upon time and place.

- 7 -

DIGITAL MEDIA SOLUTIONS, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

**REQUEST FOR PRODUCTION NO. 8** All DOCUMENTS sufficient to IDENTIFY the total number of text messages, and the date, time, and duration of each such text message, made to each PERSON identified in DOCUMENTS produced in response to Request Number 7 above.

**RESPONSE:** DMS objects to this Request to the extent that: (i) it is vague and ambiguous as it fails to define the term "sufficient to"; (ii) it is overbroad, unduly burdensome and harassing; (iii) seeks the production of documents already in Plaintiff's possession, custody or control; and (iv) seeks the production of documents in the possession, custody or control of third parties over which DMS has no control. Subject to, and without waiving the foregoing, DMS responds that it will produce any non-privileged documents responsive to this request that are discovered to be in its possession, custody, or control. Because of the nature of this extremely onerous request, DMS has been and is continuing to conduct a reasonable investigation so-as to provide the full extent of its discoverable, responsive documents. Discovery continues.

**REQUEST FOR PRODUCTION NO. 9** All DOCUMENTS sufficient to IDENTIFY the SCHOOLADVISOR DIALING SYSTEM utilized to place text messages to PLAINTIFF, including all user manuals and periodic dialer reports during the RELEVANT TIME PERIOD, together with a physical inspection of the SCHOOLADVISOR DIALING SYSTEM.

**RESPONSE:** DMS objects to this Request to the extent that: (i) it is vague and ambiguous as it fails to define the term "sufficient to"; (ii) it is overbroad, unduly burdensome and harassing; (iii) seeks the production of documents already in Plaintiff's possession, custody or control; and (iv) seeks the production of documents in the possession, custody or control of third parties over which DMS has no control. Subject to, and without waiving the foregoing, DMS responds that it will produce any non-privileged documents responsive to this request in its possession, custody, or control, if any are discovered as a result of DMS's continuing investigation.

- 8 -

DIGITAL MEDIA SOLUTIONS, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

**REQUEST FOR PRODUCTION NO. 10** All DOCUMENTS in YOUR possession that mention PLAINTIFF or the LAWSUIT.

**RESPONSE:** DMS objects to this Request to the extent that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing; (iii) seeks the production of documents already in Plaintiff's possession, custody or control; and (iv) seeks production of documents protected from disclosure by the attorney-client, work product doctrine, common interest, joint defense or other applicable privilege. Notwithstanding the foregoing, *see* DMS0001-DMS0003.

**REQUEST FOR PRODUCTION NO. 11** All DOCUMENTS sufficient to IDENTIFY any and all communications between YOU and SCHOOLADVISOR regarding PLAINTIFF, this LAWSUIT, or the underlying allegations set forth in the Complaint.

**RESPONSE:** DMS objects to this Request to the extent that: (i) it is vague and ambiguous as it fails to define the term "sufficient to"; (ii) it is overbroad, unduly burdensome and harassing; (iii) seeks the production of documents already in Plaintiff's possession, custody or control; (iv) it is compounded and unintelligible; and (v) seeks production of documents protected from disclosure by the attorney-client, work product doctrine, common interest, joint defense or other applicable privilege. Subject to, and without waiving the foregoing, DMS responds that it will produce any non-privileged documents responsive to this request in its possession, custody, or control, if any are discovered as a result of DMS's continuing investigation.

**REQUEST FOR PRODUCTION NO. 12** A physical inspection of the server on which the SCHOOLADVISOR DIALING SYSTEM operates and is hosted.

**RESPONSE:** DMS objects to this Request to the extent that: (i) it is vague, lacking in detail, and ambiguous. Who will conduct the inspection? What are their qualifications? Who is to bear the cost of arranging for such inspection?; (ii) The Request is overbroad, unduly burdensome and harassing; (iii) seeks the production of information already in Plaintiff's possession, custody or control; (iv) it is

- 9 -

disproportionate to the needs of the case within the meaning of Rule 26; (v) less intrusive, burdensome, and expensive means of discovery are available to satisfy the needs of the case; (vi) seeks production of information protected from disclosure by the attorney-client, work product doctrine, common interest, joint defense or other applicable privilege; and (vii) seeks proprietary trade secret information.

**REQUEST FOR PRODUCTION NO. 13** All Documents sufficient to identify the server and computer system on which is housed or stored any data that may be used to identify persons who were sent similar text messages on behalf of SCHOOL ADVISOR as the messages sent to PLAINTIFF.

**RESPONSE:** DMS objects to this Request to the extent that: (i) it is vague and ambiguous as it fails to define "similar text messages"; (ii) it is overbroad, unduly burdensome and harassing; (iii) seeks the production of documents already in Plaintiff's possession, custody or control; (iv) seeks the production of documents in the possession, custody or control of third parties over which DMS has no control; and (v) seeks production of documents protected from disclosure by the attorney-client, work product doctrine, common interest, joint defense or other applicable privilege. Subject to, and without waiving the foregoing, DMS responds that it will produce any non-privileged documents responsive to this request in its possession, custody, or control, if any are discovered as a result of DMS's continuing investigation.

Dated: March 12, 2021

KLEIN MOYNIHAN TURCO LLP

By: /s/
Evan T. King, Esq.
450 Seventh Avenue, 40th Floor
New York, New York 10123
(212) 246-0900

- 10 -

DIGITAL MEDIA SOLUTIONS, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

# CERTIFICATE OF SERVICE

I, Evan T. King, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 450 Seventh Ave., 40th Fl., New York, NY 10123.

On March 12, 2021, I served the following document(s) on the parties in the within action:

1. **DIGITAL MEDIA SOLUTIONS, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

2. **DIGITAL MEDIA SOLUTIONS, LLC'S PRODUCTION IN RESPONSE TO PLAINTIFF'S SUBPOENA, DOCUMENTS BATES STAMPED DMS0001-DMS00013.**

| X | BY E-MAIL TRANSMISSION: The above-described document(s) will be electronically served through this firm's e-mail system to the e-mail address(es) of the following individual email addresses. The email address has been provided to this firm and is part of the record for this matter. The email addresses upon which this document was served are also set forth below the names of counsel immediately below on this page. |
|---|---|

Partrick H. Peluso                               Attorneys for Plaintiff
Taylor T. Smith
Woodrow & Peluso, LLC
3900 East Mexico Avenue
Suite 300
Denver, CO 80210
ppeluso@woodrowpeluso.com
tsmith@woodrowpeluso.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is a true and correct statement and that this Certificate was executed on March 12, 2021.

By _____/s/_____
   Evan T. King

DIGITAL MEDIA SOLUTIONS, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION