UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

**Edward Munoz**
    **Petitioner,**

Case no. 8:21-cv-00089-VMC-AEP

v.

**Digital Media Solutions, LLC**
    **Respondent.**
_____/

## RESPONDENT'S AMENDED UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL

### RELIEF REQUESTED

The Respondent, Digital Media Solutions, LLC ("DMS"), moves this Court for an Order pursuant to Middle District of Florida Local Rule 1.11(c) permitting the filing of a DMS confidential business record under seal. Counsel for Mr. Munoz indicates that he does not oppose the Motion.

### STATEMENT FOR THE BASIS OF THE RELIEF REQUESTED

1. The item proposed for sealing is a DMS List Management Agreement ("DMS LMA" or the "document") previously exchanged with counsel as a confidential disclosure.

2. Per Rule 1.11(c), the filing of the DMS LMA is necessary pursuant to the pending Rule 45 Subpoena and resultant motion practice stemming from its service. Counsel for Petitioner has indicated it will be an exhibit to bolster his Motion to Compel.

3. Sealing the item is necessary, as it includes trade secrets and confidential business information that would put DMS at a competitive disadvantage if broadcast to the public and, more importantly, to its competitors in the industry. By its very nature, the document includes its own "Confidentiality" section binding the signatories and preventing disclosure of the terms of the agreement and confidential information within it and stemming from it.

4. As detailed in *Sea Coast Fire, Inc. v. Triangle Fire, Inc.*, trade secrets are defined in Florida's Uniform Trade Secrets Act as information, including a formula, pattern, compilation, program, device, method, technique, or process that:

> (a) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and
>
> (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

*Sea Coast Fire, Inc. v. Triangle Fire, Inc.*, 170 So. 3d 804, 808 (Fla. 3d DCA 2014) (citing § 688.002(4), Fla. Stat. (2013)).

5. Examples of trade secrets include confidential business information such as a customer list, when the list is not just a compilation of information readily available to the public, but rather acquired or compiled through the owner's industry. *Kavanaugh v. Stump*, 592 So. 2d 1231, 1232 (Fla. 5th DCA 1992); *E.*

*Colonial Refuse Serv., Inc. v. Velocci*, 416 So. 2d 1276, 1278 (Fla. 5th DCA 1982).

6. The utility in sealing the item outweighs the burden of this Court determining which portions, if any, of this nine-page document should be redacted, sealed, or left open to public view.

7. The proposed duration of this seal is indefinitely as the document will always be relevant, confidential and sought after by DMS's competitors in the industry.[1]

8. Pursuant to the requirement of Local Rule 1.11(c), the authorized person to retrieve the sealed document is[2]:

>Jacob Brainard
>450 Seventh Avenue, 40th Floor
>New York, New York 10123
>(212) 246-0900
>Email: jbrainard@kleinmoynihan.com

---

[1] Examples of measures taken by courts to protect trade secrets include, but are not limited to, the following: (a) specifying individuals that may have access to the materials for the limited purposes of assisting counsel in the litigation; (b) requiring that the designated confidential materials and any copies be returned or destroyed at the end of the litigation; (c) allowing the disclosure of the trade secret to only counsel and not to the clients; and (d) requiring all attorneys who request access to confidential information to first sign an attached agreement and be bound by its restrictions. *See Capital One, N.A. v. Forbes,* 34 So. 3d 209, 213 (Fla. 2d DCA 2010); *Cordis Corp. v. O'Shea,* 988 So. 2d 1163, 1165 (Fla. 4th DCA 2008); *Bestechnologies, Inc. v. Trident Envtl. Sys., Inc.,* 681 So. 2d 1175, 1177 (Fla. 2d DCA 1996).

[2] The original motion excluded this information. The undersigned respectfully request this Court excuse this clerical error.

WHEREFORE, the Respondent, Digital Media Solutions, LLC, requests this Court grant the Motion to Seal, order the identified document sealed from public view indefinitely, and award any further relief that this Court deems appropriate.

## Declaration

I declare under penalty or perjury that the foregoing is true and correct. Executed in New York, NY on July 16, 2021.

_____
JACOB BRAINARD

## CERTIFICATE OF SERVICE

I certify that a copy of this Motion has been sent by CM/ECF to all counsel of record on July 16, 2021.

    /s Jacob A. Brainard
**Jacob A. Brainard**
Florida Bar No. 0092278
**Neil E. Asnen**
Admitted Pro Hac Vice
**Klein Moynihan Turco LLP**
450 Seventh Avenue, 40th Floor
New York, New York 10123
Email: jbrainard@kleinmoynihan.com
Email: nasnen@kleinmoynihan.com
*Attorneys for Digital Media Solutions, LLC*