# EXHIBIT A

Richard T. Drury (SBN 163559)
richard@lozeaudrury.com
Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

**WOODROW & PELUSO, LLC**
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0676
Facsimile: (303) 927-0809

*Pro Hac Vice admission to be sought*

*Attorneys for Plaintiff and the alleged Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EDWARDO MUNOZ**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**SCHOOLADVISOR, LLC, d/b/a DEGREESEARCH.ORG,** a Delaware limited liability company,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Edwardo Munoz ("Munoz" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Schooladvisor, LLC d/b/a Degreesearch.org ("DegreeSearch" or "Defendant") to stop its practice of placing unsolicited telemarketing text message calls to cellular

CLASS ACTION COMPLAINT                   1

telephone users nationwide without obtaining prior express written consent, and to obtain redress for all persons similarly injured by its conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

1.      The Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA" or "Act"), and its implementing regulations, 47 C.F.R. § 64.1200, *et seq.*, prohibit companies, such as Defendant, from placing text message calls using an automatic telephone dialing system ("ATDS") to cellular telephones without first obtaining prior express written consent. In this case, DegreeSearch has violated, and continues to violate, the TCPA and its regulations by placing SMS messages to cellular phone subscribers who have not provided prior express written consent to receive such text messages.

## PARTIES

2.      Plaintiff Edwardo Munoz is a natural person and a resident of Merced**,** Merced County**,** California.

3.      Defendant Schooladvisor, LLC d/b/a Degreesearch.org is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business located at 4800 140th Avenue N, Suite 101, Clearwater, Florida 33762. Defendant conducts business throughout the United States, the State of California, and this District.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. This Court also has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, because the alleged Class consists of over 100 persons, there is

minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA apply.

5. This Court has personal jurisdiction over Defendant because Defendant conducts a significant amount of business in this District, directed the text messages at issue to Plaintiff who is located in this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Defendant conducts a significant amount of business within this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

COMMON FACTUAL ALLEGATIONS

7. DegreeSearch operates an online website that allows prospective students to input information about the type of degree or subject matter they are interested in and claims that DegreeSearch may be able to help students obtain grants.

8. In an effort to boost DegreeSearch's business, Defendant utilized bulk text messaging to reach consumers.

9. The text messages were for telemarketing purposes and offered, advertised, and announced the availability of DegreeSearch's goods or services.

10. Bulk text messaging, or SMS messaging, has emerged as a direct method of communicating with consumers. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters. An SMS message is a text message call directed to a wireless device through the use of the telephone number assigned to the device.

CLASS ACTION COMPLAINT                   3

11.    When an SMS message call is successfully made, the recipient's cell phone rings or vibrates, alerting him or her that a call is being received. As cellular telephones are mobile and are frequently carried on their owner's person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide and instantaneously.

12.    In sending the text messages at issue in this Complaint, Defendant utilized an automatic telephone dialing system ("ATDS"). Specifically, the hardware and software used by Defendant (or its agent) has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, en masse, in an automated fashion without human intervention. Defendant's automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous text message calls simultaneously (all without human intervention).

13.    Unfortunately for consumers, DegreeSearch fails to obtain consumers' prior express written consent to place the text messages as required by the TCPA.

14.    The text messages were made by or on behalf of Defendant, with Defendant's knowledge and approval. Defendant has knowingly received the benefit of the calls and has ratified the making of the calls.

15.    At all times material to this Complaint, Defendant was and is fully aware that unsolicited telemarketing text messages are being made to consumers' cellular telephones through its own efforts and through the efforts of its agents.

16.    Defendant knowingly made (and continues to make) unsolicited telemarketing text messages without the prior express written consent of the recipients. In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated

1  the TCPA.

2  ## FACTS SPECIFIC TO PLAINTIFF MUNOZ

3  17.    Plaintiff is the owner and customary user of the cellular telephone

4  number ending in 6617.

5  18.    On February 2, 2020, at 10:23 AM, Plaintiff received an unsolicited

6  text message to his cellphone from Defendant using SMS shortcode 397-96, which

7  read, "$6,195 in school grant $$ could be available if you qualify! View Schools:

8  http://www2.schoolwe.com/r/1ogp9ha0j (CPG, reply stop to remove)". A

9  screenshot of the February 2nd text message is reproduced below:



25  19.    On February 10, 2020, at 10:28 AM, Plaintiff received a similar text

26  message from the same shortcode 397-96, which read, "Edwardo, did you get a

chance to explore your class options?  View matches here –

http://www2.schoolwe.com/r/1ow74bt0m (DS, reply stop to remove)".

20.     On February 13, 2020, at 8:42 AM, Plaintiff received another text message from the same shortcode 397-96, which read, "Get matched to a school in seconds! $6,195 per year to those who qualify.

http://www2.schoolwe.com/r/1rheg0r0e (DS, reply stop to remove)".

21.     On February 14, 2020, at 12:11 PM Plaintiff received a text message from the short code 397-96, which was identical to the February 13th text message. The text message read, "Get matched to a school in seconds! $6,195 per year to those who qualify. http://www2.schoolwe.com/r/1rheg0r0e (DS, reply stop to remove)".

22.     A screenshot of the February 10th, 13th, and 14th text messages is reproduced below:



23. The messages were impersonal and sent from a short-code, indicative of the use of an ATDS.

24. Plaintiff does not have a relationship with DegreeSearch, never provided his telephone number to DegreeSearch, and never requested that DegreeSearch send text messages to him or offer him its services in any way.

25. Simply put, Plaintiff has never provided his prior express consent to DegreeSearch to send text messages to him and has no business relationship with DegreeSearch.

26. By sending unauthorized telemarketing text message calls as alleged herein, DegreeSearch has caused consumers actual harm in the form of annoyance, nuisance, and invasion of privacy.

27. The calls disturbed and interfered with Plaintiff's use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on Plaintiff's phone.

28. In the present case, a consumer could be subjected to many unsolicited text messages, and continuous repeated invasions of privacy.

29. To redress these injuries, Plaintiff, on behalf of himself and a Class of similarly situated individuals defined below, brings suit under the TCPA, which prohibits unsolicited voice and text calls to cellular telephones.

30. On behalf of the Class, Plaintiff seeks an injunction requiring DegreeSearch to cease all unauthorized text messaging activities and an award of statutory damages to the class members, together with costs, pre and post-judgment interest, and reasonable attorneys' fees.

## CLASS ALLEGATIONS

31. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and the Class defined as follows:

**No Consent Class**: All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the Class; (2) received at least one text message from Defendant, or a third person acting on behalf of Defendant; (3) on the person's cellular telephone; (4) for the purpose of selling Defendant's products or services; (5) using the same dialing system that was used to send the text messages to Plaintiff; and (6) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to send text messages to Plaintiff.

32.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys and Defendant's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

33.     **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant sent autodialed text messages to thousands of consumers who fall into the definition of the defined Class. Class members can be identified by reviewing Defendant's call records.

34.     **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class, in that Plaintiff and the members of the Class sustained damages arising out of Defendant's uniform wrongful conduct. Defendant has no defenses unique to Plaintiff.

35.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

36.     **Commonality and Predominance**: There are several questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a)     Whether Defendant's conduct violated the TCPA;

(b)     Whether Defendant systematically sent unsolicited text messages to consumers absent prior express written consent;

(c)     Whether Defendant sent the text messages using an automatic telephone dialing system;

(d)     Whether Plaintiff and the class members are entitled to statutory damages; and

(e)     Whether Plaintiff and the class members are entitled to treble damages based on the willfulness of Defendant's conduct.

37.     **Superiority & Manageability:** This case is also appropriate for class certification under Rule 23(b)(3) because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense

of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured. Also, there are no pending governmental actions against Defendant for the same conduct.

38. **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendant has acted or refused to act on grounds substantially similar towards all members of the Class so as to render certification of the Class for final injunctive relief and corresponding declaratory relief appropriate under Rule 23(b)(2).

**CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227, *et. seq.***
**(On Behalf of Plaintiff and the No Consent Class)**

39. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

40. Defendant failed to obtain any prior express written consent that included, as required by 47 C.F.R. § 64.1200(f)(8)(i), a "clear and conspicuous" disclosure informing the person signing that:

(A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and

(B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

41.     Further, Defendant and/or its agent transmitted unsolicited telemarketing text message calls to cellular telephone numbers belonging to Plaintiff and the other members of the No Consent Class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention.

42.     The telephone dialing equipment utilized by Defendant and/or its agent, which is substantially similar to a predictive dialer, dialed numbers from a list, or dialed numbers form a database of telephone numbers, in an automatic and systematic manner.

43.     These text messages were sent randomly and/or made *en masse* and without the prior express written consent of the Plaintiff and the other members of the No Consent Class to receive such wireless spam.

44.     Based on such conduct, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii).

45.     As a result of such conduct, Plaintiff and the other members of the No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

46.     In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the No Consent Class.

47.     Plaintiff is also entitled to injunctive relief and corresponding

declaratory relief to ensure that the calls stop.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Edwardo Munoz, individually and on behalf of the Class, prays for the following relief:

A.      An order certifying the No Consent Class as defined above, appointing Plaintiff Edwardo Munoz as the representative of the Class, and appointing his counsel as Class Counsel;

B.      An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

C.      An order declaring that Defendant's actions, as set out above, violate the TCPA;

D.      A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

E.      An injunction requiring Defendant to cease all unsolicited text messaging activities, and otherwise protecting the interests of the Class;

F.      An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above;

G.      An award of treble damages if willfulness is shown; and

H.      Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: March 26, 2020

**EDWARDO MUNOZ**, individually and on behalf of all others similarly situated,


By: s/ Rebecca Davis
　　　　　One of Plaintiff's Attorneys

Richard T. Drury (SBN 163559)
richard@lozeaudrury.com
Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

**WOODROW & PELUSO, LLC**
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Class

* *Pro Hac Vice admission to be sought*

CLASS ACTION COMPLAINT                    13

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government
Plaintiff

☐ 2 U.S. Government
Defendant

☐ 3 Federal Question
*(U.S. Government Not a Party)*

☐ 4 Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
Another District
*(specify)*

☐ 6 Multidistrict
Litigation -
Transfer

☐ 8 Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 02/19)

Case 8:21-mc-00089-VMC-AEP   Document 16-1   Filed 07/16/21   Page 16 of 16 PageID 109
Case 1:20-cv-00440-NONE-EPG   Document 1-1   Filed 03/26/20   Page 2 of 2

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**   Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**   **County of Residence.**   For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**   **Attorneys.**   Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**   The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**   This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.**   Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**   Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.

Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**   Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**   Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**   This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**   Date and sign the civil cover sheet.